William C. Hecht, Jr., J.
The pleadings and defendant’s moving affidavit admit the following facts: Defendant went to plaintiff’s night club in Havana and received poker chips having a face value of $3,000, in exchange for which he issued a check drawn on a New York bank, to the order of plaintiff’s manager, for $3,000. He paid $50 of the chips for drinks and dinner. He then lost about $2,000 in chips in a dice game, and finally obtained cash for his remaining chips, which was about $950.
The complaint alleges further that plaintiff’s night club is licensed by the Cuban Government as a restaurant, night club and gambling casino, and that under Cuban laws gambling is legal when conducted at such a licensed casino, and debts incurred in connection with such legal gambling are enforeible in Cuba.
Defendant moves for judgment dismissing the complaint and for summary judgment, pursuant to rules 107, 112 and 113 of the Rules of Civil Practice. Plaintiff cross-moves for summary judgment, pursuant to rule 113.
Defendant’s motion must be denied because sections 991, 992 and 993 of the New York Penal Law do not invalidate the check even if given in payment of a gambling debt, since the complaint alleges that such a contract is enforeible in Cuba, where the check was issued. (Zeltner v. Irwin, 25 App. Div. 228, 229 [1st Dept.]; Swift & Co. v. Bankers Trust Co., 280 N. Y. 135.)
I am further of the opinion that plaintiff’s motion for summary judgment should be granted. It appears that, in exchange for his check of $3,000, defendant received equivalent value in a medium of exchange before he engaged in any gambling transaction. It does not appear that the chips were restricted to use in gambling. Defendant’s own affidavit states that he used $50 of the chips to pay for his dinner and drinks and *283 turned in $950 of the chips for cash, none of which he has offered to return.
It is, therefore, not established that the check was issued in payment of a gambling debt.
It is unnecessary to pass on what would happen if the check had been issued in payment of gambling losses after they had been incurred.
Settle order.