Jacob Markowitz,' J.
The parties have waived findings of fact and conclusions of law. There was testimony that the defendant in the early morning of February 24, 1956, visited a gambling casino, known as the Tropicals Night Club, S. A., in Havana, Cuba, which casino was duly licensed by the Government of Cuba. After the loss of some money defendant was extended credit, received chips and continued his play. Upon receipt of chips as requested by him, he signed an I. O. U. At the conclusion of his play he had an outstanding I. 0. U. in the sum of $12,000. He issued a check in the sum of $12,000, and the I. O. U. was returned to him. At the same time he cashed a check for $250 which was honored and paid. The check for $12,000 was issued to an individual official connected with the casino and indorsed by him. The testimony established that the accepted course of conduct in gambling casinos and clubs is for the acceptance of checks to the order of either “ Cash ” or an individual connected with the management of the gambling casino and club rather than to the gambling casino and club itself. The check was received by the individual as agent for the casino. The credit was extended by the casino to the defendant. The indorsement of the check by the agent does not in any manner affect the ownership of the plaintiff in and to the check. The Tropicals Night-Club, S. A., as the rightful owner of the check, is the proper party plaintiff. The defendant refused to pay the check when it was presented for payment, contending that the laws of New York prevail and same being a gambling debt plaintiff may not recover. This transaction took place in Cuba. The laws of Cuba prevail and not the laws of New York. In a similar situation, the case of Tropicales v. Milora (7 Misc 2d 281, 282), Mr. Justice Hbcht held, “ Defendant’s motion must be denied because sections 991, 992 and 993 of the New York Penal Law do not invalidate the check even if given in payment of a gambling debt, since the complaint alleges that such a contract is enforcible in Cuba, where the check was issued ” (citing Zeltner v. Irwin, 25 App. Div. 228, 229 [1st Dept.]; Swift & Co. v. Bankers Trust Co., 280 N. Y. 135). Accordingly, I find that plaintiff is entitled to recover from the defendant the sum of $12,000 plus interest from February 24, 1956. This constitutes the decision of the court.